IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIEJEA F. STERN, | : | Civil No. 1:22-CV-01484 |
| Petitioner, | : | |
| v. | : | |
| JAMIE SORBER, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Niejea F. Stern. (Doc. 1.) Also pending is his motion to appoint counsel. (Doc. 8.) For the reasons set forth below, the court will dismiss the petition and deny the motion to appoint counsel as moot.

### PROCEDURAL HISTORY

Niejea F. Stern ("Petitioner") is a self-represented litigant who filed a petition for writ of habeas corpus seeking relief from his state court judgment with this court in September of 2022. (Doc. 1.) Petitioner was convicted of criminal homicide and possession of a prohibited firearm, and he was sentenced on August 8, 2016. *Commonwealth v. Stern*, CP-22-CR-0005134-2014 (C.P. Dauphin County). Petitioner successfully appealed the sentence, and he was resentenced on March 9, 2018. (*Id.*) Following an appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on February 15, 2019. *Commonwealth v. Stern*,

653 MDA 2018 (Pa. Super. Ct.)  Petitioner did not seek review from the Pennsylvania Supreme Court, making his sentence final thirty days following the Superior Court's decision affirming the judgment of sentence.  Therefore, the date the determination became final was March 18, 2019.  Petitioner filed a Post Conviction Relief Act ("PCRA") petition on June 12, 2019.  *Commonwealth v. Stern*, CP-22-CR-0005134-2014.  This was 86 days after the Superior Court's decision affirming the sentence became final.  The PCRA petition was denied on September 22, 2021.  (*Id.*)  At the time Respondents filed their response, Petitioner had not appealed the PCRA denial.  (Doc. 12-1.)  The court notes that on March 17, 2023, Petitioner filed a new PRCA petition in the Dauphin County Court of Common Pleas.  *Commonwealth v. Stern*, CP-22-CR-0005134-2014.

The instant petition was filed in this court on September 22, 2022.  (Doc. 1.)  However, the petition was placed in the prison mailing system on September 16, 2022.[1]  (*Id*, p. 46.)[2]

---

[1] Although the Court did not receive the petition until September 22, 2022, the petition is dated September 16, 2022, Doc. 1, p. 46, and, thus, is deemed filed as of that date. *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998)).

[2] For ease of reference, the court utilizes the page numbers from CM/ECF header.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner was convicted and sentenced in Dauphin County, Pennsylvania, which is located in this district. Therefore, venue in this district is proper.

## STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. *See Engle v. Isaac*, 456 U.S. 107 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.* States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

3

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

### DISCUSSION

As stated above, Petitioner has petitioned the court pursuant to the provisions of Section 2254, challenging his state court conviction and sentence that was imposed by the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1.) Respondent has filed a response, arguing that the petition was untimely filed and that no exceptions to the applicable statute of limitations apply to this action. (Doc. 12.) Petitioner did not file a traverse. Here, the court agrees with Respondent that the petition is untimely.

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, Pa. R. Crim. P. 720(A)(3)), or

(b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *See* 42 Pa. C.S.A. § 9545(b)(3).

Here, the record reflects that the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on February 15, 2019. Because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, his judgment became final on March 18, 2019. *See* PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order). The 30-day period expired on Sunday, March 17, 2019, making the next Monday the final day of the thirty (30)-day period in which he had for seeking such review.

Consequently, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, i.e., on March 19, 2019, and Petitioner had one year or until March 19, 2020 to file his Section 2254 petition in this court. Petitioner, however, did not file his petition in this court until September 16, 2022,

over 1 year after the one-year statute of limitations had already expired. Consequently, the court finds that his petition is untimely.

However, the court's analysis does not end there. The court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception. For the reasons discussed below, the court finds that Petitioner is entitled to some statutory tolling, but he is not entitled to equitable tolling or any relief under the actual innocence exception, and his petition is still untimely.

### A. Statutory Tolling

With respect to statutory tolling, the court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" *See* 28 U.S.C. § 2244(d)(2). Here, the record reflects that Petitioner filed a PCRA petition on June 12, 2019, tolling the one-year limitations period after eighty-six (86) days had elapsed—i.e., counting from March 19, 2019 (when the one-year limitations period initially commenced) to June 12, 2019 (when Petitioner filed his PCRA petition).

On September 22, 2021, the trial court dismissed Petitioner's PCRA petition, and Petitioner did not appeal the determination. *Commonwealth v. Stern*, CP-22-CR-0005134-2014. Thus, when Petitioner filed his PCRA petition on June

12, 2019, the one-year limitations period was tolled until October 22, 2021, the last day for filing a petition for allowance of appeal to the Pennsylvania Supreme Court—i.e., counting thirty (30) days from September 22, 2021, the date of the trial court's dismissal of Petitioner's PCRA petition. *See* PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order). As a result, the one-year limitations period set forth in Section 2244(d)(1) began to run again on the following day, i.e., October 23, 2021, and continued to run uninterrupted until July 29, 2022, when the remaining two-hundred and seventy-nine (279) days of the one-year limitations period expired.

Consequently, because Petitioner's Section 2254 petition was not filed in this court until September 16, 2022, the court concludes that statutory tolling does not overcome the untimeliness of his petition. Thus, the court turns to the question of whether the one-year limitations period set forth in Section 2244(d)(1) is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

**B. Equitable Tolling**

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d

Cir. 2003)). For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" *See id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." *See id*. (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).

The court, having carefully reviewed this matter, finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted. Here, Petitioner argues that he is entitled to equitable tolling due to his "incapacitated state due to my mental health diagnosis that prevented me from timely filing this petition." (Doc. 1, pp. 16–17, 45.) However, Petitioner fails to provide a diagnosis or medical records in support of his assertions. (Doc. 1.) Thus, the court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

### C. Actual Innocence

The court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted

[the petitioner].'" *See McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Thus, relief under this exception is exceedingly rare, *see id*. at 386, and the standard for establishing actual innocence is an exacting one, *see id*. at 401. The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup*, 513 U.S. at 324. Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *See McQuiggin*, 569 U.S. at 386 (quoting *Schulp*, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schulp*, 513 U.S. at 324; *Sistrunk v. Rozum*, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "*Schlup* sets a supremely high bar"). Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *See id*. at 191 (citations omitted). All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception. *See id*. And if ultimately proven, this exception "serves as a

gateway through which a petitioner may pass" even though the statute of limitations has expired. *See McQuiggen*, 569 U.S. at 386.

Accordingly, in order for Petitioner to have demonstrated that he was entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. In fact, from what the court can discern, Petitioner has not asserted actual innocence, much less shown actual innocence.

Instead, he appears to base his various assertions on counsel's ineffectiveness. (Doc. 1.) However, "actual innocence requires a showing of factual innocence, not mere legal insufficiency." *See Sweger v. Chensey*, 294 F.3d 506, 523 (3d Cir. 2002) (citation omitted); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that "[i]t is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency").

Thus, for all of these reasons, the court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. *See House v. Bell*, 547 U.S. 518, 538 (2006) (stating that "it bears

repeating that the *Schlup* standard is demanding and permits review only in the extraordinary case" (citations omitted)).

Therefore, the petition is untimely, not subject to sufficient tolling, and will be dismissed.

### D. A Certificate of Appealability Will Not Be Issued.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus and deny the motion for appointment of counsel as moot.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 21, 2023